IN THE CIRCUIT COURT OF THE TENTH
JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

Frederick C. Gaugh,
    Plaintiff,

v.
                                       Case Number:

Alphatec Spine, Inc. and Alphatec
Holdings, Inc.
    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, Frederick C. Gaugh, by and through the undersigned attorney, and sues the Defendants, Alphatec Spine, Inc., and Alphatec Holdings, Inc., as follows:

### COUNT I
### (Breach of Implied Warranty of Merchantability)

1.    This is an action for damages which exceed $15,000.00, exclusive of attorneys fees, interest or costs.

2.    Plaintiff, Frederick C. Gaugh, at all times material is a resident of Lakeland, Polk County, Florida.

3.    The Defendant, Alphatec Spine, Inc., is a corporation with its principal place of business in the state of California and at all times material designed and manufactured medical equipment including, but not limited to, orthopedic prosthesis for sale in various states of the United States, including the state of Florida. The Defendant, Alphatec Holdings, Inc., is a corporation with its principal place of business in the state of Delaware and at all

times material designed and manufactured medical equipment including, but not limited to, orthopedic prosthesis for sale in various states of the Unted States, inclduing the state of Florida.

4.      That at some time prior to February 24, 2009, the exact date being unknown to the Plaintiff, the Defendant, Alphatec Spine, Inc., or Alphatec Holdings, Inc, or both, manufactured a certain medical device and/or orthopedic prosthesis, known as the Alphatec Spine Trestle Plate, which included a 48 MM Trestle Plate and eight 16MM variable angle screws, and, subsequent to manufacture, the aforesaid medical equipment was shipped to the state of Florida for the purpose of being used in the fixation of cervical spine injuries.

5.      On or about February 24, 2009, the Plaintiff, Frederick C. Gaugh, was a patient of neurosurgeon, Dr. Ara Deukmedjian, and consented to an operative procedure at the Parrish Medical Center in Titusville, Florida, where Dr. Deukmedjian surgically repaired the cervical spine of the Plaintiff, Frederick C. Gaugh, who was suffering from cervical spondylosis with myelopathy, multilevel cervical stenosis and cervical disk herniation at C4-5. Dr. Deukmedjian inserted the Alphatec Spine Trestle Plate with accompanying screws manufactured by Defendant, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both, into the cervical spine of the Plaintiff, Frederick C. Gaugh, at the levels of C4-C7 of his cervical spine. The intended purpose of the surgery using the Defendant, Alphatec Spine, Inc.'s, or Alphatec Holding, Inc.'s, or both's, equipment was an anterior cervical segmental fixation of C4, C5, C6 and C7. The following identification of the Alphatec Spine Trestle Plate and screws is as follows:

(A) 48MM Trestle Plate 61003-048 x 1

(B) 16MM Variable Angle Screws REF 61240-016 x 8

6.    On August 7, 2013, Plaintiff, Frederick C. Gaugh, had an x-ray done which showed the anterior C7 had backed out approximately 11MM from the Alphatec Trestle Plate. The Plaintiff was diagnosed with mechanical failure of the prior cervical implant with migration of anterior cervical screw in the very proximal to very vital neck structures.

7.    On September 26, 2013, Plaintiff, Frederick C. Gaugh, was admitted to Bartow Regional Medical Center and underwent a surgical Removal of hardware C4 to C7; Removal of loose and pulled out instrumentation in the anterior neck; exploration of the fusion at C6-7 anteriorly; Packing of screw holes with allograft bone mixed with bone marrow aspirate obtained from the C6 and C7 vertebrae; and Use of intraoperative fluoroscopy for spine surgery.

8.    That the Defendants, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both, warranted that the subject Alphatec Spine Trestle Plate and Variable Angle Screws were fit for the ordinary purpose intended, i.e., to be utilized in the internal segmental fixation of the cervical spine and warranted that the subject medical equipment and/or prosthesis was of merchantable quality.

9.    The Defendants, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both, breached the implied warranty of merchantability in that the above described medical equipment was not fit for the ordinary purposes intended, was not suitable for the ordinary purposes for which it was to be used, and was not of merchantable quality. The warranty was

breached in that said product was inherently defective in that the locking mechanism of the trestle plate failed and allowed the screw to back out. Said defects in the equipment, along with lack of quality control, caused injury and harm to the Plaintiff, Frederick C. Gaugh, II, who was a foreseeable user of the orthopedic appliance, using the same in its intended manner, and the said medical device did not provide the patient the necessary expected treatment.

10.   As a direct and proximate result of the breach of the implied warranty of merchantability by the Defendant, Alphatec Spine, Inc., or Alphatec Holding, Inc., or both, the Plaintiff, Frederick C. Gaugh, suffered from a mechanical failure of the Alphatec Spine Trestle Plate and screws which required him to undergo an operation on September 26, 2013, to remove the defective prosthesis. Further, Plaintiff then had to undergo another surgery on June 23, 2015, to replace the fixation instrumentation in his cervical spine. The Plaintiff, Frederick C. Gaugh, was thus caused and required to receive additional medical care and treatment including the additional operative procedures related to the defective Alphatec Spine Trestle Plate and screws. He has also incurred additional medical and hospital expenses during this period of time, has suffered significant pain and suffering and mental anguish from the date of the mechanical failure of prosthesis to the present and into the future.

WHEREFORE, the Plaintiff, Frederick C. Gaugh, demands judgment against the Defendant, Alphatec Spine, Inc., and Alphatec Holdings, Inc., for damages, plus costs and demands a trial by jury on all issues so triable in this cause.

## COUNT II
### (Negligence)

11. The Plaintiff, Frederick C. Gaugh, realleges paragraphs 1 through 10.

12. Defendant, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both introduced the Alphatec Spine Trestle Plate and screws into the stream of commerce.

13. At all material times, Defendants had a duty to Plaintiff and other users of its Alphatec Spine Trestle Plate and screws to exercise care in order to properly design, manufacture, produce, test, study, inspect, label, market, advertise, sell, promote, and distribute its trestle plate and screws. This includes a duty to adequately warn about the defects, risks and dangers associated with the Alphatec Spine trestle plate and screws.

14. Defendants knew, or in the exercise of reasonable care should have known, that the Alphatec Spine Trestle plate and screws were not properly designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, sold, promoted, and distributed, and that they were likely to cause injury to those whom they were implanted.

15. Defendants were negligent in the design, manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion, and distribution of their Alphatec Spine Trestle Plate and screws and breached duties they owed as set forth. In particular, the Defendants"

    a. Failed to use due care in the manufacture of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks;

    b. Failed to use due care in the design of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks;

c. Failed to conduct adequate pre-clinical testing and research to determine the safety of their Alphatec Spine Trestle Plate and screws;

d. Failed to conduct adequate post-marketing testing and research to determine the safety of their Alphatec Spine Trestle Plate and screws;

e. Failed to accompany their products with proper warnings regarding all possible adverse effects associated with the use of their Alphatec Spine Trestle Plate and screws and the comparative severity and duration of such adverse effects.

f. Failed to use due care in the development of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks;

g. Failed to use due care in the manufacture of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks;

h. Failed to use due care in the inspection of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks to individuals;

i. Failed to use due care in the labeling of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks to individuals;

j. Failed to use due care in the marketing of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks to individuals;

k. Failed to use due care in the promotion of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks to individuals;

l. Failed to use due care in the sale of their Alphatec Spine Trestle Plate and screws to prevent the aforementioned risks to individuals;

    m.    Failed to provide adequate information to healthcare providers for the appropriate use of their Alphatec Spine Trestle Plate and screws;

    n    Failed to adequately warn about the health consequences, risks, and adverse events caused by their Alphatec Spine Trestle Plate and screws; and

    o.    Were otherwise careless and negligent.

16. Defendants knew or should have known that their Alphatec Spine Trestle Plate and screws caused unreasonable harm to many users, including the Plaintiff. Despite this, Defendants continued to promote and market their Alphatec Spine Trestle Plate and screws for use by consumers, including the Plaintiff.

17. It was foreseeable to Defendants that consumers, including the Plaintiff, would suffer injury as a result of Defendants' failure to exercise ordinary care as describe above.

18. As a direct and proximate result of the negligence by the Defendants, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both, the Plaintiff, Frederick C. Gaugh, suffered from a mechanical failure of the Alphatec Spine Trestle Plate and screws which required him to undergo an operation on September 26, 2013 to remove the defective prosthesis. Further, Plaintiff then had to undergo another surgery on June 23, 2015, to replace the fixation instrumentation in his cervical spine. The Plaintiff, Frederick C. Gaugh, was thus caused and required to receive additional medical care and treatment including the additional operative procedures due to the negligence of Defendant, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both. Plaintiff has also incurred additional medical and hospital expenses during this period of time, has suffered significant pain and suffering and mental anguish from the date

of the negligence of Defendants and the mechanical failure of the prosthesis to the present and into the future.

WHEREFORE, the Plaintiff, Frederick C. Gaugh, demands judgment against the Defendant, Alphatec Spine, Inc., and Defendant Alphatec Holdings, Inc., for damages, plus costs and demands a trial by jury on all issues so triable in this cause.

## COUNT III
### (STRICT LIABILITY)

19. The Plaintiff, Frederick C. Gaugh, realleges paragraphs 1 through 18.

20. The Alphatec Spine Trestle Plate and screws including, but not limited to, the locking mechanisms on the trestle plate were defective and in an unusually dangerous condition in that the Alphatec Spine Trestle Plate and screws were subject to failure due to the faulty locking mechanism in the prosthesis, and said defect caused the Alphatec Spine Trestle Plate to malfunction and allow the screws to back out.

21. The Alphatec Spine Trestle Plate and screws were defective as described above, when they left the possession of the manufacturer, the Defendant Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both.

22. The Defendant, Alphatec Spine, Inc., or Alphatec Holdings, Inc., or both, knew or should have known that the aforedescribed defect created a condition that would render the subject medical equipment useless and without benefit to the patient and the medical equipment was expected and did reach the Plaintiff, Frederick C. Gaugh, II, without substantial change affecting said defective condition.

23. As a direct and proximate result of the defective condition of the Alphatec

Spine Trestle Plate and screws, the Plaintiff, Frederick C. Gaugh, suffered from a mechanical failure of the Alphatec Spine Trestle Plate and screws which required him to undergo an operation on September 26, 2013, to remove the defective prosthesis. Further, Plaintiff then had to undergo another surgery on June 23, 2015, to replace the fixation instrumentation in his cervical spine. The Plaintiff, Frederick C. Gaugh, was thus caused and required to receive additional medical care and treatment including the additional operative procedures related to the defective Alphatec Spine Trestle Plate and screws. He has also incurred additional medical and hospital expenses during this period of time, has suffered significant pain and suffering and mental anguish from the date of the mechanical failure of prosthesis to the present and into the future.

WHEREFORE, the Plaintiff, Frederick C. Gaugh, demands judgment against the Defendant, Alphatec Spine, Inc., and the Defendant, Alphatec Holdings, Inc., for damages, plus costs and demands a trial by jury on all issues so triable in this cause.

Dated on June 5, 2017.

BRUSH & COYLE, P.A.

*/s/ Timothy O. Coyle*
TIMOTHY O. COYLE, ESQUIRE
Florida Bar No. 0956368
825 East Main Street
Lakeland, Florida 33801
(863) 603-0563 Telephone
(863) 603-0884 Facsimile
tim@brushcoyle.com
Cassandra@kbpclaw.com
Attorney for Plaintiff